UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BROWN PUBLISHING COMPANY, | : | Case No. 1:08-cv-585 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| EMPLOYER BENEFIT SERVICES OF OHIO, INC., | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT (1) PLAINTIFF'S MOTION TO REMAND (Doc. 6) BE GRANTED; (2) THIS CASE BE REMANDED TO THE HAMILTON COUNTY COURT OF COMMON PLEAS; AND (3) THIS CASE BE CLOSED**

This case is before the Court on a motion by Plaintiff Brown Publishing Company ("BPC"), for an order remanding the case to the Hamilton County (Ohio) Court of Common Pleas pursuant to 28 U.S.C. §1447(c), based on lack of subject matter jurisdiction. (Doc. 6). Defendant Employer Benefit Services of Ohio, Inc. ("EBS") has filed a memorandum in opposition to the motion. (Doc. 9). The matter is ripe for review.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

# I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint in the Hamilton County Court of Common Pleas against Defendant EBS. *See Brown Publ'g Co. v. Employer Benefit Servs. of Ohio, Inc.*, Case No. A080743. (Doc. 2). The complaint contains claims under Ohio law for common law fraud, unjust enrichment, negligent misrepresentation, breach of fiduciary duty, and conversion. (*Id.*)

In support of its claims against EBS, Plaintiff alleges, *inter alia*, that it hired EBS as a third party administrator for its self-insured health plan. (Doc. 2 at ¶ 4). As part of its health plan, Plaintiff purchased Stop-Loss insurance. EBS informed Plaintiff that a company called United Re AG would provide Stop-Loss insurance and quoted Plaintiff a price which it agreed to pay. (*Id*. at ¶¶ 7-9).

EBS required Plaintiff to make payment to EBS for premiums due to United Re AG, and EBS would then remit payment to United Re AG. (Doc. 2 at ¶12). Each invoice in 2006 billed Plaintiff for premiums due to United Re AG in the monthly amount of $25.20 per individual employee participant and $62.21 per family participant, all of which were duly paid by Plaintiff. (*Id*. at ¶¶ 13,14). Later in 2008, Plaintiff confirmed with United Re AG that the premiums it actually charged for Stop-Loss insurance in 2006 were $12.23 per individual participant and $26.83 per family participant. (*Id*. at ¶ 16).

Similarly, during the 2007 renewal year, Plaintiff paid premiums to EBS for the United Re AG Stop-Loss insurance in the monthly amount of $26.25 per individual employee participant and $63.14 per family participant. (Doc. 2 at ¶¶ 22, 23). However, in 2008, Plaintiff learned that the monthly premiums actually charged by United Re AG for 2007 amounted to $11.49 per individual participant and $25.36 per family participant. (*Id.* at ¶ 25). In December of 2007, EBS representatives met with Plaintiff to discuss renewing its contract and obtaining Stop-Loss insurance for the 2008 calendar year. (*Id.* at ¶ 27). EBS represented to Plaintiff that since United Re AG significantly increased its premiums, Plaintiff should move its Stop-Loss insurance to HCC Life Insurance Company ("HCC"). (*Id.* at ¶¶ 28, 29).

In January of 2008, Plaintiff received its first invoice for the 2008 contract year from EBS in which it was charged $31.66 per month for each individual participant and $77.30 per month for each family participant for the HCC Stop-Loss premiums as quoted by EBS. (Doc. 2 at ¶¶ 32, 33). Subsequently, Plaintiff contacted HCC and learned that the monthly premiums actually charged by HCC amounted to $17.48 for each individual participant and $43.62 for each family participant. (*Id.* at ¶¶ 37, 38). Plaintiff also learned that EBS forged signatures of Plaintiff's representatives on the Stop-Loss insurance contract that was provided by EBS to HCC. (*Id.* at ¶ 36).

Based on EBS's intentional misrepresentations to Plaintiff by overcharging for Stop-Loss premiums in 2006, 2007, and 2008, as well as EBS's forgery of signatures of Plaintiff's representatives on the Stop-Loss insurance contract with HCC, Plaintiff asserted state law claims against EBS in its July 23, 2008 complaint filed in Hamilton County.

Plaintiff's complaint was properly served on EBS by certified mail on July 30, 2008. On August 28, 2008, EBS filed a Notice of Removal of Civil Action pursuant to 28 U.S.C. § 1441. (Doc. 1). EBS also filed a Notice of Filing Notice of Removal with the Hamilton County Court of Common Pleas pursuant to 28 U.S.C. § 1226(d). In its Notice of Removal filed with this Court, EBS alleged that removal was proper because the claims alleged in Plaintiff's complaint are governed by ERISA, 20 U.S.C. § 1132(e)(1). Plaintiff argues that the removal was improper because the claims alleged in its complaint are not governed by ERISA, nor are Plaintiff's state law claims "completely preempted" by ERISA's civil enforcement provision.

## II. STANDARD OF REVIEW

A defendant can remove an action from state court to federal court only if the plaintiff could have brought the action in federal court in the first instance. 28 U.S.C. § 1441(b); *Peters v. Lincoln Elec. Co.*, 28 F.3d 456, 465 (6th Cir. 2002).

The removal statute, 28 U.S.C. § 1441, provides in part that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). The standard to determine whether removal is appropriate is as follows: "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987); *see also Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). The party seeking to remove a case has the burden of proving that federal jurisdiction exists. *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 948 (6th Cir. 1994).

There is, however, an exception to the "well-pleaded complaint" rule: the "complete preemption exception." *See Caterpillar,* 482 U.S. at 392-93. Under this exception, a complaint may be removed to federal court, and will be treated as alleging a federal cause of action for purposes of removal, even though the complaint, on its face, alleges only state law causes of action. *Peters*, 285 F.3d at 468 n.11; *Taylor-Sammons v. Bath*, 398 F. Supp. 2d 868, 871-72 (S.D. Ohio 2005). Complete preemption is an exercise of extraordinary preemptive power and applies only in those cases where Congress' intent in enacting a federal statutory scheme was to completely preempt state law and create federal jurisdiction under 28 U.S.C. § 1331. *AmSouth Bank v. Dale*, 386 F.3d 763, 776 (6th Cir. 2004).

Under the purview of ERISA, for a claim to be completely preempted and therefore removable to federal court, the removing party must prove that: "(1) the plaintiff...[has] standing under § 502(a)[2] to pursue its claim; (2) its claim must 'fall[]within the scope of an ERISA provision that [it] can enforce via § 502(a)'; and (3) the claim must not be capable of resolution 'without an interpretation of the contract governed by federal law,' i.e., an ERISA-governed employee benefit plan." *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 372 (4th Cir. 2003) (quoting *Jass v. Prudential Health Care Plan*, 88 F.3d 1482, 1487 (7th Cir. 1996)).

### III. ANALYSIS

As noted above, the threshold requirement for complete preemption is that the plaintiff possess standing to assert its claim under Section 502(a). Section 502(a) specifies the types of claims that may properly be pursued under ERISA as well as the parties entitled to assert such claims. *Sonoco Prods. Co.*, 338 F.3d at 372. Importantly, the only parties entitled to pursue an ERISA claim under Section 502 are "participants," "beneficiaries," and "fiduciaries." *See* 29 U.S.C. § 1132(a)(3).

Here, it is uncontroverted that Plaintiff is neither a participant nor a beneficiary under the Plan. *See* 29 U.S.C. § 1002(7) and (8) (a plaintiff, as an employer, is neither a participant nor a beneficiary under its Plan). Therefore, Plaintiff has standing under

---

[2] Section 502(a) provides, in relevant part, that: "A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary . . . to obtain other appropriate equitable relief . . . to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

502(a)(3) only if: (1) it is a "fiduciary"[3] and (2) it is asserting the breach of contract claims in its fiduciary capacity. *Coyne & Delany Co.* 98 F.3d at 1465.

Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), which provides for *equitable relief*, a "participant, beneficiary, and *fiduciary*" can file suit. The Supreme Court has held that More specifically, "the term 'equitable relief' in § 502(a)(3) must refer to those categories of relief that were typically available in equity[.]'" *Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 210 (2002) (quoting *Mertens,* 508 U.S. at 256); *see also Mertens v. Hewitt Assocs.,* 508 U.S. 248, 258 n.8 (1993). "Traditional equitable remedies include certain kinds of injunctions and restitution, but *not compensatory damages* -- which are the classic form of *legal* relief," *see Mertens,* 508 U.S. at 255 (emphasis added) -- or "specific performance of a past due monetary obligation." *Knudson,* 534 U.S. at 211.

In the complaint, Plaintiff specifically requests legal relief in the form of *compensatory* and punitive damages. (Doc. 2, pp. 13-14). Accordingly, if Plaintiff would have originally filed this action in federal court, Plaintiff would have been required to file under § 1132(a)(1) in order to recover monetary damages. However, since Plaintiff

---

[3] Under ERISA, a person "is a fiduciary with respect to [an ERISA] plan to the extent...[that] he exercises any discretionary authority or discretionary control respecting management of [the] plan [or] has any discretionary authority or discretionary responsibility in the administration of [the] plan." 29 U.S.C. § 1002(21)(A). A plan sponsor acts in a fiduciary capacity only to the extent that its claims relate to carrying out its fiduciary responsibilities. *See Coyne & Delany*, 98 F.3d at 1466 (concluding that a plan sponsor has "standing to sue as a fiduciary 'to the extent' that it challenges, as violative of ERISA . . ., any act or practice which pertains to" the fiduciary responsibilities it possesses).

is not a "participant or a beneficiary" as required by § 1132(a)(1), Plaintiff lacks standing.

Moreover, even if Plaintiff were seeking to recover in equity, Plaintiff is not a fiduciary. Where Plaintiff's claims in a lawsuit relate solely to its own injuries, and not to its fiduciary responsibilities to the plan or to the plan's participants and beneficiaries, it is not acting as an ERISA fiduciary under 29 U.S.C. § 1002(21)(A). In the complaint, Plaintiff is seeking to recover for harm that it suffered from Defendant's breach, namely that it fraudulently concealed costs. The harm that Plaintiff suffered is therefore independent from any harm suffered by the plan beneficiaries. Accordingly, Plaintiff is not asserting claims in its fiduciary capacity,[4] but rather it is seeking to enforce its own rights under the contract. Those claims are not completely preempted, and the federal courts lack jurisdiction over them. Thus, Plaintiff lacks standing to pursue claims under § 502(a)(1).

Moreover, the complete preemption doctrine does not sustain removal since a defendant can remove an action from state court to federal court only if the plaintiff could have brought the action in federal court in the first instance. *See* 28 U.S.C. §1441. Here, Defendant cannot remove this action because Plaintiff does not have standing in this Court to assert a cause of action under § 1132(a)(1).

---

[4] Even if Plaintiff's fiduciary role has some tangential relationship to the litigation, the fact remains that Plaintiff is not asserting claims in its fiduciary capacity. *See Geller v. County Line Auto Sales, Inc.*, 86 F.3d 18, 23 (2nd Cir. 1996) (concluding state law fraud claim was not preempted "simply because it may have a tangential impact on employee benefit plans").

## IV.  CONCLUSION

In sum, Defendant EBS has not met its burden of showing that this Court has original jurisdiction over the present action on the basis of federal question, *see* 28 U.S.C. § 1331.  Because each element of the complete preemption exception is not met, the Court lacks subject matter jurisdiction in this case.  Accordingly, removal under 28 U.S.C. § 1441 was not proper, and the case must be remanded to state court.

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff's motion to remand (Doc. 6) be **GRANTED**; that this case be **REMANDED** to the Hamilton County Court of Common Pleas; and that the instant case in this Court be **CLOSED**.


Date:  November 26, 2008                   s/ Timothy S. Black
                                                              Timothy S. Black
                                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BROWN PUBLISHING COMPANY, | : | Case No. 1:08-cv-585 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| EMPLOYER BENEFIT SERVICES | : | |
| OF OHIO, INC., | : | |
| | : | |
| Defendant. | : | |

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).